CLAY, Circuit Judge, concurring.
I agree with the conclusion of the majority opinion and most of the underlying analysis. I write separately only to raise one point with respect to whether Petitioner is statutorily ineligible for asylum due to his participation in the persecution of ethnic Albanians. The majority opinion finds substantial evidence to support the Immigration Judge’s (“IJ”) finding of such ineligibility in the fact that Petitioner received orders that included arresting, beating, and even shooting or killing ethnic Albanians. The IJ, however, did not rely on this fact alone, as Petitioner denies ever following such orders. The IJ based her decision on the ground that she did not believe that Petitioner did not follow these orders; the IJ reasoned, and I agree, that had Petitioner not followed these orders, he would not have been able to remain at *571 his position as a guard for ten months. Petitioner claims he was first given these orders in February 1988 but refused to follow them. Petitioner, however, was able to continue working until December 1988, when he left Yugoslavia. The fact that Petitioner received these orders of persecution, coupled with the fact that Petitioner was able to continue in his employment as a guard, support the IJ’s finding that Petitioner engaged in persecution.
I concur in all other respects with the majority opinion.